Facts and Pleadings.
BREAUX, C. J.
The plaintiff sued the defendant for $5,000 damages. Libel against him by the defendant is the ground of the .action.
The petition having been dismissed on an exception of “no right and no cause of action,” we have made a summary of the allegations, as the facts alleged in the petition are admitted as true.
Plaintiff avers that he was the rice grader and warehouseman of the Lake Arthur Rice Milling Company, Limited, of which George Conovora is president, and George Hathaway manager.
For the year he was to receive for his .services $1,200.
He complains of his discharge by the manager on the 30th day of March, 1907, five months before the expiration of the year for which he was employed.
When he was discharged he was paid the sum of $700.
He claims $500 for the remainder of the year, dating from the day he was diseharg-' ■ed. He avers that he was discharged without cause.
He placed his claim in the hands of Miteh-.el & Young, attorneys.
They wrote a demand to the company for the amount.
George Hathaway, manager, answered in a letter in which he stated that the company positively refused to pay plaintiff the amount, as it had overpaid him. The manager added that plaintiff was incompetent, and on that account the company incurred losses. That the company would have no trouble in proving by all of its employes that he was incompetent, and that it would also prove that he was found incompetent in other ricemills; and he suggested that if the attorneys would make inquiry they would find that it was not his first discharge. He further stated that there were other good defenses that would not be to their client’s credit; that the company did not think that the attorneys would bring suit if they knew the facts within the knowledge of the em-ployés.
This letter was signed the “Lake Arthur Rice Milling Company, Limited,” by George Hathaway.
Copy of the letter was inserted in plaintiff’s petition. The petition amplifies the text of the letter, with comments such as that there was no cause and no ground for writing the letter; that it was false, scandalous, and malicious, defamatory of his plaintiff’s good name and reputation to thus charge him with incompetency and dishonesty and that he was unreliable and untrustworthy of the confidence of his fellowmen.
As the case will be disposed of on the exception, we have not found it necessary to take note of the grounds set up in tile answer. The answer was filed with full reservation of the grounds of exception. The letter from which we have quoted above' is the only evidence upon which plaintiff relies; he has no other.
Discussion and Judgment.
At the outset of the discussion, a definition is in place:
*647 Any person who publishes a defamatory letter concerning another, so as to bring him into contempt, ridicule, or hatred is guilty of. libel.
It becomes necessary to determine whether the letter addressed to and received by the person defamed is a publication.
Such a letter will not in the ordinary course be held actionable in a civil suit for damages. It might be different in a criminal proceeding, in which the purpose is to prevent a breach of the peace. This being a civil suit, we are not concerned with decisions in other jurisdictions in criminal proceedings for libel.
A libel, to be actionable, must be published to some third person or the agent of that third person. An answer to a plaintiff or his agent is privileged if the answer does not extend further than the plaintiff’s question. 25 Cyc. 392.
For illustration: If a letter were dropped by the writer on a sterile moor and was found by the person traduced, it would not be actionable. But it would be actionable if it were found by an agent of the same person not connected with or in any way concerned with this letter. But if it were to be found by an agent who had in some way brought on the answer, it would be privileged.
The publication vel non of the asserted libel is another ground of controversy. The argument of the plaintiff on the subject finds no support in the facts which we have already anticipated. The argument is based on the idea that the letter was dictated to a stenographer, who retained a copy.
The petition avers that the letter was written by the defendant and mailed to plaintiff’s attorneys.
The parties must be held to their pleadings. A contrary state of facts will not be assumed. Therefore, as relates to the publication of the alleged libel, there was nothing of the kind as relates to the contents of the letter. It was not shown that any one read it.
We pass to the next proposition; that is, that the attorneys who received the letter were the agents of plaintiff, and in sending it to them there was no publication.
The plaintiff left the writing of this letter to these attorneys. The defendant could not do less than answer this letter. Their writing to the defendant was really the act of the plaintiff. They cannot be thought of as third persons in all that related to the demand for payment of the amount. It was the same as if the answer to the letter had been addressed to the plaintiff himself, and for that reason it is to be considered as privileged.
Another ground of objection urged by the defense is that the petition does not sufficiently allege that a libel had been committed. This ground is based on the fact that plaintiff in his petition does not allege that the defendant knew that his letter was untrue.
If he wrote a calumny, it should have been •alleged that defendant knew that his letter was false and untrue.
Plaintiff’s petition does not contain that essential averment. True, it contains the averment of malice. This was urged by plaintiff as a sufficient averment, and that it was equivalent to the charge that defendant had written this letter knowing that it was untrue. It is not the equivalent.
The word “malice” has not such a broad meaning. Besides, it may relate to the truth. It does not require a bright imagination to conceive that a badly inclined person may so use the truth as to inflict greater injury than if an untruth were told. A physical ailment unknown and not injurious to any one, an unfortunate mental trait, though harmless, may be suggested and trumped up and made public only for the purpose of maligning; some unfortunate incident of the past, forgotten long since after years of remorse, may be recalled. *649 Therefore, when a pleader in a civil suit for damages fails to plead that the one sued wrote an untruth knowing it to be untrue, he overlooks an important element in making-out his case.
We have gone a step further and considered the relation of attorneys to their client.
They represented the plaintiff. Instead of writing himself, he left it to his attorneys.
The answer to the attorneys related exclusively to their demand. It was the same as if the letter had been addressed to the plaintiff. It was, therefore, privileged.
We pass to another phase of the case. The petition does not allege that the contents of defendant’s letter were not true, and that defendant knew that they were not true
Plaintiff, as already stated by us, seeks to meet this position by calling attention to the fact that he alleged “malice,” in his petition, which gave rise to the implication of falsehood.
We have not found that under any circumstances the letter complained of was actionable.
Of course, it would have been best for the defendant to have informed the attorneys that the company refused to pay unearned wages by reason of the fact that plaintiff had been discharged for incompetency and to have said nothing more. It remains as a fact that had the contents of the letter been alleged in an answer in a suit, while useless, it would not have been actionable, as such answers are privileged.
We will briefly review the authorities cited by learned counsel, for plaintiff. They endeavor to distinguish the present ease from Coffee v. Smith, 109 La. 440, 33 South. 554. True there is a difference between the present case and the cited case; but the case in hand is stronger for the defense than was the case cited. In the latter the attorney was written to by defendant’s wife, giving her version, and with the view of avoiding a suit. It was not in answer to a letter as in this case.
We have referred to the other cases cited by plaintiff. They are not pertinent to an extent that would justify us in arriving a1 a different conclusion than we have.
In conclusion, we will state that it does seem that the letter was the letter of the company, and that if any one was suable it was the company. But we pass this without decision on that point. Our view upon the subject is not necessary, as we have determined to affirm the judgment on other grounds.
Eor the reasons above given, and the law and the evidence being with defendant, it is ordered, adjudged, and decreed that the judgment be, and the same is, affirmed.