George P. Schinzel, Jr., Appellant, *v.* Adrian Vuyk, Respondent.

Supreme Court, Appellate Term, First Department, December 18, 1925.

**Libel and slander — letter written by defendant to plaintiff's attorney in response to inquiry characterizing plaintiff as " dead-beat " is libelous per se — sending of letter was not publication.**

A letter written by the defendant to plaintiff's attorney, in response to an inquiry relating to a business transaction, characterizing the conduct of the plaintiff, a merchant or trader, as " anything but fair and scrupulous," and stating that " such manner of acting is usually typical of the worst kind of dead-beat " is libelous *per se.* The sending of such letter, however, does not constitute a publication thereof.

Appeal by plaintiff from an order of the City Court of the City of New York dismissing the complaint under rule 106 of the Rules of Civil Practice, also from the judgment of dismissal entered thereon.

*Joseph M. Herzberg,* for the appellant.

*Samuel Sumner Goldberg,* for the respondent.

Per Curiam. The complaint, in this libel action, was assailed for insufficiency under rule 106 of the Rules of Civil Practice. The learned justice below held (1) that no publication was shown, and (2) that the alleged defamatory matter was not libelous *per se.* The plaintiff alleges that the defendant wrote to a Mr. Herzberg, a person who is not directly identified in the complaint, a letter in which, after complaining of the conduct of the plaintiff in a business transaction between plaintiff and defendant, and characterizing that conduct as " anything but fair and scrupulous," defendant says: " Such manner of acting is usually typical of the worst kind of dead-beat." The letter commenced as follows: " Replying to your letter of March 17th." At a subsequent point in the letter defendant referred to plaintiff as " your client." We think, therefore, that there is enough in the complaint to make a *prima facie* showing that the letter was addressed to an attorney at law, acting on behalf of plaintiff in respect of the business transaction referred to, and that it was in reply to a letter sent by the attorney to defendant in relation to that business transaction. The plaintiff was sufficiently described in the complaint as a merchant or trader.

We are of the opinion that the language employed by defendant clearly touches the sphere of activities of persons in that occupation; that it was calculated to harm plaintiff in respect of his credit and business standing; and that it was thus libelous *per se.* (Odgers Lib. & Sland. [5th ed.] 32; Newell Sland. & Lib. [4th ed.] 184; *Moore* v. *Francis,* 121 N. Y. 199.) We believe, however, that we must affirm upon publication ground. The general rule seems to have been that every person (not referring, of course, to aids of the communicator, such as stenographers, etc.) is a third person so as to constitute what is known in defamation law as publication, except that a communication of a wife to a husband, or of a husband to a wife, has not been deemed a communication to a third person. (Newell Sland. & Lib. [4th ed.] 230; 18 Halsbury's Laws of England, 656, 657.) It is said in the volume last cited (at p. 658): " The question of privilege must be kept distinct from the question of publication. Privilege, of course, in no sense negatives publication; it justifies it." There is, however, a very recent decision of the Appellate Division of this department in a case on all fours with this upon the publication point, that the sending of a letter to a man's attorney, in reply to a letter from the attorney, does not constitute a publication. (*Wells* v. *Belstrat Hotel Corporation,* 212 App. Div. 366.) Upon the authority of that case the decision below must be affirmed.

Order and judgment affirmed, with costs.

All concur; present, GUY, BIJUR and MULLAN, JJ.