JOSEPH FINGERHUT, Plaintiff, *v.* CHARLES Z. WEINER and Another, Defendants.

City Court of New York, Kings County, March 7, 1933.

*Weinstein & Weishar,* for the plaintiff.

*Goldstein & Goldstein,* for the defendants.

RUSSELL, J.    Plaintiff moves to strike out three separate defenses of new matter in the answer.    The action is one for libel.    The first defense attempts to set out a justification; the second is in mitigation of damages.    As to these two the motion is denied.

It seems the general practice that allegations of a pleading in mitigation should not be stricken out unless the court be satisfied that the plaintiff will be aggrieved or prejudiced by allowing them to remain.    (*Rockwell* v. *Day*, 84 App. Div. 437; *Wayte* v. *Bowker Chemical Co.*, 196 id. 665; *Morgan* v. *Bennett*, 59 N. Y. Supp. 825.) It is the rule to allow such allegations to stand until the day of trial, when the trial judges can with a larger perspective of the action more intelligently pass upon same.    (*Palmer* v. *Palladium Printing Co.*, 16 App. Div. 270.)    By allowing the defense to stand the plaintiff is not debarred from raising at the trial the very questions raised upon this motion, and, therefore, he cannot be prejudiced by now failing to strike them out.    (*Russo* v. *Howard*, 127 Misc. 762.)    Motions to strike out parts of a pleading as redundant or irrelevant are not favored (*Rockwell* v. *Day*, 84 App. Div. 437), and when the matter objected to has any bearing on the subject of the litigation the motion will be denied.    (*Dalziel* v. *Press Pub. Co.*, 52 Misc. 207.)

The third defense presents a somewhat novel problem in its claim of privilege.    The plaintiff claimed that the defendants had failed to make certain repairs to his automobile truck, though they had charged and he had paid for same.    He based this claim on an alleged statement of his mechanic to such effect.    Defendants vigorously disclaimed the charge and sought out the mechanic alleged to be the source of such claim, who, it is claimed by defendants, not only denied same but spoke disparagingly of plaintiff, the matter giving rise to this libel action.    Later plaintiff's attorneys wrote to defendant setting out his claim and suggesting a return of the sum paid for such repairs.    Defendant, feeling aggrieved at a charge of such nature, replied at length by letter in which it set out the alleged libelous matter as claimed to have been told them by the plaintiff's mechanic.    The question is as to privilege arising out of the fact that a letter of such nature to plaintiff's attorney, even conceding its libelous nature, did not constitute such a publication as to form the predicate of an action when made in good faith and without malice.    The thought being that the attorneys were the actors of the plaintiff and the legal effect of a communication of this nature to them when written in reply to their communication upon the subject-matter of the reply is in effect the same as though written directly to plaintiff, and hence there would be no utterance or publication to a third person which is an essential element of an action in libel.

Both learned counsel furnish briefs which are not helpful upon this subject. Neither cites any decision in points but deals generally with the question of privileged communications and their effect. There appears a dearth of authority in this State, but I find a decision in point in *Dickinson* v. *Hathaway* (122 La. 644), where it was held that the mailing of a private letter by a person charged with libel, addressed to the attorneys of complainant in answer to questions relating to matters in which both are concerned, does not constitute a publication within the law of libel. The fact that the Civil Code prevails in such State would not seem to vary the situation. Again in *Brown* v. *Elm City Lumber Company* (167 N. C. 9) it was said that a reply by a seller of hay to a claim for shortage made by buyers' attorneys is quasi-privileged and will not sustain a suit for libel unless malice be shown. In view of these decisions bearing directly upon the question in dispute I feel bound to adapt this decision thereto and to hold that for the purposes of this motion such communication may be held as at best quasi-privileged and properly thus pleaded.

Motion denied; ten dollars costs. Submit order.