15032

RODGERS v. WISE

(7 S. E. (2d), 517)

September, 1939.

The order of Judge Dennis follows:

This matter having come before me on a demurrer to each of the two alleged causes of action in the complaint, the grounds of the demurrer to each alleged cause of action being that the plaintiff failed to state a cause of action for libel or slander in that (1) there was no publication of the alleged libelous and slanderous statements, and (2) that such alleged libelous and slanderous statements were made on privileged occasions and therefore, as a matter of law, not actionable.

As I construe the allegations of the first cause of action of the complaint, they show that the letter containing the alleged libelous and slanderous statements was written by a practicing attorney of the Columbia, South Carolina, Bar, to an associate attorney of the Washington, District of Columbia, Bar, about a lawsuit in which they were mutually interested and in which the testimony adduced at the trial was discussed in order that they might determine whether an appeal should be taken. Certainly such a letter must be privileged and, in my judgment, such a communication between attorneys does not amount, as a matter of law, to a publication of such otherwise libelous and slanderous statements as it might contain. If attorneys cannot freely and frankly discuss their client's business between themselves,

by word of mouth when they are face to face, or by letter when separated, and thereby evaluate and determine the client's rights, then, it seems to me, that the rights of all clients before the Courts are seriously endangered and the administration of justice is handicapped. I therefore hold that as a matter of law, such a letter under such circumstances is privileged and that the writing and mailing of it is not a publication.

The second alleged cause of action charges slander and libel in the dictation of the same letter by the attorney to his stenographer and the transcribing of it by her. While counsel for neither the plaintiff nor the defendant have been able to cite a single reported case where the dictation of a letter by an attorney to his stenographer formed the basis for an action of slander or libel, or both, against such attorney, older cases seem to hold that the dictation of a slanderous and libelous statement by a business man to his stenographer would constitute a publication of the slanderous and libelous statement contained in such letter. But the more recent and better considered cases hold that such dictation and transcribing does not constitute a publication in the sense of the law of libel. The Supreme Court of Tennessee, in the well considered case of *Freeman v. Dayton Scale Company,* decided on July 19, 1929, and found in 159 Tenn., 413, S. C. (2d), 255, at page 257, says:

"However, conceding that the question is before us on the pleadings, while the authorities are not harmonious, we find that the weight of authority is that the dictation of a letter containing libelous matter to a stenographer does not constitute publication in the sense of the law of libel. And here again the distinctions between questions of publication and privilege are not kept clear. Where the matter is conditionally privileged, probably true here, the effect is only to shift the burden of showing malice, but lack of publication is an absolute defense. A comparatively late case of *Globe Furniture Company v. Wright,* 49 App. D. C., 315, 265 F., 873, is published and annotated fully in 18 A. L. R.,

772. That case follows and approves *Cartwright-Caps Co. v. Fischel,* 113 Miss., 359, 74 So., 278, L. R. A., 1918-F, 566, Ann. Cas. 1917-E, 985, and is a well-reasoned opinion denying a right of recovery for libel where the letter had been dictated to a stenographer and not otherwise published. In the note beginning on page 778 of 18 A. L. R., the annotator says that 'the more liberal rule, and the one which seemingly has the support of the weight of modern authority, is that, where the communication is made to a servant or business associate in the ordinary and natural course of business, there is no actionable libel.' Many authorities are cited, emphasis being placed in some of the cases upon the co-operative and joint nature of the act of two agents of one corporate entity, as inconsistent with a publication, or giving out to a third person, when one agent of the corporation dictates to another agent of the same corporation. *Central of G. Ry. Co. v. Jones,* 18 Ga. App., 414, 89 S. E., 429; *Owen v. Ogilvie Pub. Co.,* 32 App. Div., 465, 53 N. Y. S., 1033, 18 A. L. R., note 776. In 36 C. J., § 174, p. 1225, it is announced that communication between officers and agents of a corporation, or dictation to a stenographer in the corporation's employ by an officer or agent thereof, is not publication of libelous matter. The foregoing cases are cited, and also *Prins v. Holland-North American Mortg. Co.,* 107 Wash., 206, 181 P., 680, 5 A. L. R., 451, the latter case being directly in point. The cases contra, chiefly relied on by counsel for Freeman, are *Brown v. Elm City Lumber Co.,* 167 N. C., 9, 82 S. E., 961, L. R. A., 1915-E, 275 Ann. Cas., 1916-E, 631, and *Alabama & V. Ry. v. Brooks,* 69 Miss., 168, 13 So., 847, 849, 30 Am. St. Rep., 528. In the latter case, while in concluding its opinion the court says that 'the publication was complete when the libelous letter was received and read by Messrs. Dabney & McCable, the plaintiff's attorneys,' it is apparent that the defense made and overruled was alleged privilege rather than lack of publication. The question of publication, as a distinct issue, was not before the court. And in the North Carolina case, while the court said 'we

are inclined to disagree with his Honor in the ruling that the sending of the letter to the attorneys of the plaintiff was not a publication,' the point was not decided, the case going off on other issues. The court merely follows its expression above quoted with a reference to *Dickinson v. Hathaway, supra,* (122 La., 644, 48 So., 136, 21 L. R. A., (N. S.), 33), and *Alabama & V. Ry. v. Brooks, supra,* as holding contrary views.

"We are satisfied that the sounder and better supported rules are, first, that communications made to a libeled party's attorneys, corresponding for him regarding the specific matter in connection with which the libelous matter is used, are not thereby given publication; and, second, that the incidental dictation of such a communication to an employee stenographer is not a publication of the libelous matter.

"In the first case the libelous matter if circulated at all to the damage of the libeled party, must be given out by his agent standing in his stead; and, in the second case, the stenographer, if a coemployee in a corporation, has no distinct third party entity, and, if an employee of an individual, is a confidential instrumentality only of the libelant, not recognized, when engaged in the performance of this mainly mechanical duty, as possessing an independent third party personality. And, as a practical proposition, it should be said, to the credit of those engaged in this calling, that experience demonstrates that their loyalty and fidelity is universally such that communications confided to them are not disclosed."

This case seems to me to set out the sounder and more logical view where a letter is dictated by a business man to his stenographer, and the reasoning of it is more convincing when the dictation is by a lawyer to his stenographer about a client's business.

I therefore hold that the second alleged cause of action in this complaint failed as a matter of law to allege a publication of the slanderous and libelous statements; and I further hold that if there were a publication in the sense of the law of libel, that the same is privileged.

The plaintiff, however, strenuously argues that the communication set forth in the letter is only qualifiedly privileged. The Court does not agree with this view. But where the plaintiff admits the qualified privilege, facts would have to be alleged showing a breach of such privilege. There are no such allegations of fact in this complaint, and, in the absence of allegations of and proof of facts showing a breach of the qualified privilege, it would be the Court's duty to direct a verdict for the defendant. It is, therefore,

Ordered, adjudged and decreed that the complaint herein be and the same is hereby dismissed, with costs.

*Mr. L. D. Jennings,* for appellant,

*Messrs. Joseph L. Nettles, George D. Levy* and *C. T. Graydon,* for respondent,

March 6, 1940.

The opinion of the Court was delivered by MR. WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE.

This appeal is from an order of Hon. E. C. Dennis, Circuit Judge, sustaining a demurrer to the complaint of the appellant herein.

It appears from the allegations of the complaint that the respondent, a practicing attorney of the Columbia, South Carolina, Bar, dictated to his stenographer a letter which

was then mailed to the addressee, an associate attorney of the Washington, D. C., Bar, concerning a lawsuit in which they were both mutually interested. This letter contained alleged libelous and slanderous statements concerning appellant.

The complaint undertakes to state two causes of action—one for slander and the other for libel.

The conclusions of his Honor, Circuit Judge Dennis, in sustaining the demurrer and dismissing the complaint are satisfactory to this Court. His decree is hereby affirmed.

Let the decree of Judge Dennis be reported.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. ACTING ASSOCIATE JUSTICE E. C. DENNIS, disqualified.