JAMES S. LAWLER et al., Copartners Doing Business under the Name of LAWLER & CHAMBERS, Plaintiffs, *v.* ALEXANDER L. MERRITT, Defendant.

Supreme Court, Special Term, Bronx County, June 2, 1944.

*S. David Leibowitt* for defendant.

*Charles C. Cullen* for plaintiffs.

HOFSTADTER, J.   This is a motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action in libel.

The complaint recites that defendant addressed a note to his wife containing defamatory matter concerning plaintiffs, a reputable firm of attorneys who had been retained by the wife There is no allegation that any person other than the plaintiffs and defendant's wife saw the note.   Defendant contends that a communication from husband to wife is not a publication to a third person, and that consequently the complaint does not state an actionable wrong.

The precise question thus raised has been considered and answered favorably to the defendant by two courts in this State (*Trumbull* v. *Gibbons,* 3 City H. Rec. 97 [1818]; *Schinzel* v. *Vuyk,* 126 Misc. 202 [1923]).   In the latter case the court said: " The general rule seems to have been that every person * * * is a third person so as to constitute what is known in defamation law as publication, except that a communication of a wife to a husband, or of a husband to a wife, has not been deemed a communication to a third person.   (Newell Sland. & Lib. [4th ed.]; 18 Halsbury's Laws of England, 656, 657.) "

The overwhelming weight of authority in other jurisdictions supports the doctrine laid down in the *Trumbull* and *Schinzel* cases.

The concept of the common law by which husband and wife were regarded as one person is still deeply rooted in our law, and it persists notwithstanding the 1937 amendment (ch. 669) to Domestic Relations Law (§ 57), commonly known as the " Married Women's Act "; it may not be disregarded in the absence of specific legislative enactment. " In construing these statutes [the Married Women's Acts] the rule must be observed * * * ' that statutes changing the common law must be strictly construed, and that the common law must be held no further abrogated than the clear import of the language used in the statutes absolutely requires.' Thus read, the common-law incidents of marriage were to be swept away only by express enactments." (*Allen* v. *Allen,* 246 N. Y. 571, 579.)

I apprehend that in these circumstances I am constrained to hold that the emancipatory provisions of section 57 of the Domestic Relations Law do not override the public policy implicit in the fiction of marital unity obtaining in the circumstances present here, and that it continues to be the law that a communication from one spouse to another may not be deemed a publication. While a judge at nisi prius need not be a " donkey carrying books ", he is bound in duty to apply the law when its rule has been announced or its policy rendered manifest by controlling authority.

Motion granted. Settle order.