KIRK JEWELERS, INC. *v.* BYNUM.

No. 39345          November 8, 1954          75 So. 2d 463

*Henley, Jones & Woodliff,* Jackson, for appellant.

136

*Russell & Little, T. M. Bishop,* Magee, for appellee.

**HALL, J.**

James Bynum of Route 2 Magee, Mississippi, was indebted to appellant in the amount of $76.40, and, his account being delinquent, the collecting agent for appellant, having been unable to contact him by telephone, sent him a telegram, requesting that he immediately call her at No. 2-6644 at Jackson, Mississippi. The Western Union agent was unable to make delivery of the telegram within the delivery range of his office. He accordingly got in communication with Ottis Bynum and conveyed to him the information and asked him to get in touch with James Bynum and deliver the same. Ottis Bynum relayed the information to Mitchell Warren and asked him to notify Claiborn Bynum, whose full name is James Claiborn Bynum and who is the appellee herein. Mitchell Warren took down the telephone number and gave it to his father, Ellis Warren, for delivery. Ellis Warren carried the message to the appellee herein, who was not the person for whom the telegram was intended. These parties lived in a rural area and the appellee requested Ellis Warren to carry him to clos-

est telephone as he understood that it was an urgent message. Accordingly Ellis Warren carried the appellee to the home of Jim Cole and appellee requested Mrs. Katie Cole, the wife of Jim Cole, to place a call for the above number, since he was not accustomed to using the telephone. Mrs. Katie Cole placed the call and the party answering stated that James Bynum owed the company over $70.00 and wanted him to pay it or they would sue him. She repeated the message to appellee and he replied that he did not owe them anything and that he had never been in their store. Appellee paid the charges for this telephone message and later brought suit for slander against the appellant. The case was submitted to the jury on the issue of both actual and punitive damages and the jury returned a verdict for the full amount sued for. Hence this appeal.

Appellant assigns a number of errors, any one of which would be sufficient ground for reversal of the judgment, but we notice only one of them as it will be sufficient to dispose of the case. Both the appellant and Mrs. Cole testified that she placed the call purely at the request of appellee as his representative and agent and that she is the only one who heard what was said on the telephone. Under these circumstances we think this case is covered exactly by the case of Wrought Iron Range Co. v. Boltz, 123 Miss. 550, 86 So. 354. In that case Mr. Boltz and his wife signed a written order for a stove together with a note for the purchase price of $107.00 payable twelve months after date. The company shipped the stove to its agent but wrote the words ''no good'' on the original order and instructed the agent to deliver the stove only upon receipt of down-payment of $57.00 on the purchase price. Boltz was employed away from home and arranged with a neighbor to receive, unload and place the stove when it was delivered. The company's agent met the neighbor and discussed with him the probability of being able to collect the cash payment and showed him the order con-

taining the notation "no good." Boltz never made the cash payment and did not receive the stove but brought suit for libel. Among other defenses the company claimed that there was no publication of the alleged libelous matter except to the neighbor who was an agent of the plaintiff. Boltz nevertheless obtained a judgment in the lower court and on appeal this Court said: "The order containing the offending language was also exhibited to J. A. Faulk, but the evidence shows that Faulk was the agent of the plaintiff for the purpose of receiving and placing the stove, and for that purpose he stood in the place of plaintiff, and the exhibition of this order to Faulk in explanation of the reason for the demand for a cash payment and the refusal to deliver the stove did not constitute a publication. The evidence totally fails to show any publication to Mrs. Barr, and under this state of proof the defendant's request for a peremptory instruction should have been granted, and the case is therefore reversed, and judgment entered here for appellants."

■■ Also in point is the case of McDaniel v. Crescent Motors, Inc. (Ala.) 31 So. 2d 343, 172 A. L. R. 204, in which it is said: "Publication is essential to slander, and it must be in the presence of one or more other parties. Penry v. Dozier, 161 Ala. 292 (18), 49 So. 909; Roberts v. English Manufacturing Co., 155 Ala. 414, 46 So. 752; Age-Herald Pub. Co. v. Huddleston, 207 Ala. 40, 92 So. 193, 37 A. L. R. 898; Weir v. Brotherhood of R. R. Trainmen, 221 Ala. 494, 129 So. 267.

■■ "So that if the words were spoken only to the complaining party or to his agent, representing him in the matter discussed and invited by him, it is not such a publication as will support an action for slander. This includes one who is interceding for the employee as his authorized agent and representative. Taylor v. McDaniels, 139 Okla. 262, 281 p. 967, 66 A. L. R. 1246; Renfro Drug Co. v. Lawson, 138 Tex. 434, 160 S. W. 2d 246 (14), 146 A. L. R. 732; 33 Am. Jur. 105, section

93; 36 C. J. 1224, section 171; Dickinson v. Hathaway, 122 La. 644, 48 So. 136, 21 L. R. A., N. S. 33; Freeman v. Dayton Scale Co., 159 Tenn. 413, 19 S. W. 2d 255.''

Since the alleged slander in this case was communicated by appellant only to an agent of the appellee, there was no publication thereof, for which reason the appellant was entitled to a peremptory instruction which it requested. The judgment of the lower court will therefore be reversed and judgment will be here entered in favor of appellant.

Reversed and judgment here.

*McGehee, C. J.,* and *Lee, Kyle* and *Holmes, JJ., concur.*