240 So.2d 857 (1970)
John Emerson MAINE, D/B/a Northwood Auto Upholstery & Maine's Top Shop, Appellant,
v.
ALLSTATE INSURANCE COMPANY, an Illinois Insurance Company Authorized to Do Business in the State of Florida, Appellee.
No. 70-48.
District Court of Appeal of Florida, Fourth District.
November 6, 1970.
*858 Stephen W. Toothaker and O. Edgar Williams, Jr., of Berryhill, Avery, Schwenke & Williams, Fort Lauderdale, for appellant.
John R. Beranek, of Jones, Paine & Foster, West Palm Beach, for appellee.
WALDEN, Judge.
This libel case was terminated in favor of defendant by summary final judgment. Plaintiff appeals. We affirm.
Plaintiff's premises were destroyed by fire. He filed a claim with his insurance carrier, the defendant. The defendant, by letter sent to plaintiff with copy to plaintiff's attorney, formally rejected the claim on stated grounds. Plaintiff charges that the letter accused him of arson and fraud.
Three grounds were advanced by defendant in the appellate treatment which separately or in combination are adequate to support the trial court decision.
One merits discussion as apparently the point has not been earlier considered in Florida. Was the letter published by transmittal of a copy to plaintiff's attorney so as to render the alleged libel actionable? We answer in the negative.
The plaintiff's lawyer, now deceased, represented the plaintiff prior to this occasion in other litigation surrounding the fire, which also involved the defendant. The lawyer had asked to receive copies of all correspondence concerning the fire and the fire claim.
The defendant contends that there was no publication since the plaintiff's attorney was clearly and without dispute the plaintiff's agent as concerns this transaction and since the attorney had asked to receive copies of all papers and correspondence. We agree and adopt the rule and viewpoint stated in the case of Freeman v. Dayton Scale Co., 1929, 159 Tenn. 413, 19 S.W.2d 255. Therein the court stated as follows:
"The authorities are in conflict as to whether or not such publication takes place when the communication takes the form of a letter written to the attorney representing the party libeled, standing instead of, and acting for, the party himself, in response to a demand, and in the course of, and connected with, an explanatory reply. The weight of the more recent authorities, supported we think by reason, is against liability in such a case, upon the ground both that such a communication is privileged, and also that there is no publication in the required sense. This view seems to rest partly on the theory that the attorney is the chosen agent of the party libeled, selected by him to stand in his stead, and to receive on his behalf any such communication as may pass between the parties to the controversy; and partly on the theory that a communication addressed to a third party, procured to be so addressed by the party libeled, does not amount to a publication. * * * We are of the opinion that this view is sound on principle. The confidential relationship in which an attorney stands to his client is well recognized. The essence of publication being the giving out to the public of the matter, it would seem clear that when one goes no further than to communicate the matter to the confidential attorney of another, he has not been guilty of doing that which might reasonably be expected to give the matter circulation."
*859 See also McDaniel v. Crescent Motors, Inc., 1947, 249 Ala. 330, 31 So.2d 343, 172 A.L.R. 204; Dickinson v. Hathaway, 1909, 122 La. 644, 48 So. 136; Wells v. Belstrat Hotel Corp., 1925, 212 App.Div. 366, 208 N.Y.S. 625; Schinzel v. Vuyk, 1925, 126 Misc. 202, 213 N.Y.S. 135; Fingerhut v. Weiner, 1933, 147 Misc. 269, 263 N.Y.S. 636; Robinson v. Home Fire and Marine Ins. Co., 1957, 242 Iowa 1120, 49 N.W.2d 521 (a case on all fours with the instant appeal). Cf. Brown v. Elm City Lumber Co., 1915, 167 N.C. 9, 82 S.E. 961, L.R.A. 1915E, 275, Ann.Cas. 1916E, 631; Alabama & V. Ry. v. Brooks, 1891, 69 Misc. 168, 13 So. 847, 30 Am.St.Rep. 528; Massee v. Williams, 1913 CCA 6th, 207 F. 222.
Affirmed.
REED and OWEN, JJ., concur.