335 So.2d 896 (1976)
Mary Jean SMITH
v.
Ollie JONES and Janis White.
No. 48736.
Supreme Court of Mississippi.
July 27, 1976.
*897 Q. Earl Webb, Meridian, for appellant.
Paul Abston, Meridian, for appellee.
Before INZER, SUGG and LEE, JJ.
SUGG, Justice, for the Court:
Plaintiff sued defendants for slander and a trial in the Circuit Court of Lauderdale County resulted in a jury verdict for the defendants.
The evidence established that each of the defendants, in separate phone calls on different dates, made defamatory statements to the plaintiff. The issue is whether there was a publication of the defamatory statements.
Publication is an essential element of tort liability for slander. The communication of a defamatory utterance must be in the presence of one or more other parties who heard the utterance and understood it to be defamatory. Defamatory words spoken only to the plaintiff is not a publication that will support an action for slander. Kirk Jewelers v. Bynum, 222 Miss. 134, 75 So.2d 463 (1954). W. Prosser, Handbook of the Law of Torts, § 113 at 766-67. Publication may be to any third person, including a member of the plaintiff's family. Id; 50 Am.Jur.2d Libel and Slander, § 166 at 668 (1970). There is no publication if the defendant spoke the words with the reasonable expectation that they would not be overheard by a third party:
There is no liability for publication which the defendant did not intend and could not reasonably anticipate, as in the case of words spoken with no reason to suppose that anyone but the plaintiff would overhear them ...
W. Prosser, supra, § 113 at 774. Accord, Restatement of Torts § 577, comment N at 199 (1938); Annotation 92 A.L.R.2d 219, § 8 at 236-37 (1963); 53 C.J.S. Libel and Slander § 80 at 129, note 2 (1948); 50 Am.Jur.2d Libel and Slander, § 147 at 654, notes 9 and 10 (1970).
The test of publication is: Were the words spoken in such a tone or manner and under such circumstances that the defendants had a reasonable expectation that no one would hear the words except the plaintiff?
One of plaintiff's sons, Randy, eavesdropped on Mrs. White's phone call to plaintiff either by plaintiff's invitation or on his own initiative. Whatever prompted him to listen, it is clear that plaintiff knew that Randy was listening to the conversation. More importantly, it is equally clear that Janis White did not know that anyone other than plaintiff was listening to the conversation.
Both of plaintiff's sons, Randy and Ricky, eavesdropped on Mrs. Jones' telephone call to the plaintiff. Ricky listened to part of the conversation at the request of plaintiff. Ricky interrupted the conversation and called Mrs. Jones a liar. This was the first indication Mrs. Jones had that the conversation was being overheard by a third party. No defamatory statements were made by Mrs. Jones after she knew that her conversation with plaintiff was being overheard by another party.
The conclusion is inescapable that both defendants uttered the statements believing that only the plaintiff was listening to the conversation. There was no publication because defendants spoke the words with the reasonable expectation that they would be heard by the plaintiff only. The evidence does not sustain the contention of plaintiff that the defamatory statements were repeated to other persons.
A review of the record leads us to conclude that, although erroneous instructions were given for both plaintiff and defendants, the judgment did not result in a miscarriage of justice. We therefore affirm under Mississippi Supreme Court Rule *898 11. Meeks v. Hughes, 228 So.2d 582 (Miss. 1969).
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, WALKER, BROOM and LEE, JJ., concur.