693 So.2d 1064 (1997)
Bernard J. GOMBERG, Appellant,
v.
ZWICK, FRIEDMAN & GOLDBAUM, P.A., a professional corporation, Andrew R. Friedman, an individual, Adam Katz, an individual, and Kelev Enterprises, Inc., a Florida corporation, Appellees.
No. 95-3091.
District Court of Appeal of Florida, Fourth District.
May 14, 1997.
*1065 Eric J. Braunstein of Eric J. Braunstein, P.A., Plantation, for appellant.
Darlene M. Lidondici of Fertig and Gramling, Fort Lauderdale, for appellees.
DELL, Judge.
Bernard J. Gomberg appeals the trial court's entry of final summary judgment in favor of Zwick, Friedman & Goldbaum, P.A. and Andrew R. Friedman, appellees.[1] We affirm. Appellant has failed to demonstrate error in either of his points on appeal. We write only to consider appellant's argument relating to the issue of publication.
The facts giving rise to this libel action are as follows. Kelev Enterprises, Inc. (Kelev) d/b/a Bageland of Margate through its owner and president, Adam Katz, contracted to sell Bageland of Margate to appellant. Appellees represented Katz and Kelev in the transaction. Appellant claimed that Kelev breached its contractual obligation by failing to secure the landlord's approval to the assignment of the lease. Consequently, both appellant and Kelev claimed entitlement to the $5,000 purchase deposit held in escrow by escrow agent Jeffrey Feinberg, appellant's attorney.
As part of the negotiations, Feinberg sent a letter to appellees on January 7, 1993. On January 8, 1993, appellees responded by faxing, then mailing, a letter addressed to Feinberg. Appellees faxed the letter to the facsimile number reflected on Feinberg's letterhead. The letter contained this allegedly defamatory statement: "Mr. Gomberg's offer to reveal the results of his inspections to Mr. Katz were not made in an attempt to resolve this matter amicably, but were made in connection with Mr. Gomberg's threats of blackmail and extortion to Mr. Katz."
Appellees filed two motions for summary judgment. The trial court denied appellees' initial motion for summary judgment without prejudice. Subsequently, appellees renewed their motion for summary judgment, arguing that appellant failed to allege that appellees published the letter to a third party. Before the trial court entered an order granting appellees' renewed motion for summary judgment, appellant filed an amended complaint and affidavit alleging that the faxed letter was published to "several uninvolved third parties," including Marvin I. Moss, Esq. Appellant asserted publication because the letter was transmitted to a fax machine that appellant's counsel shared with other uninvolved attorneys.
In Maine v. Allstate Ins. Co., 240 So.2d 857 (Fla. 4th DCA 1970), this court quoted with approval the case of Freeman v. Dayton Scale Co., 159 Tenn. 413, 19 S.W.2d 255 (1929):
The confidential relationship in which an attorney stands to his client is well recognized. The essence of publication being the giving out to the public of the matter, it would seem clear that when one goes no further than to communicate the matter to the confidential attorney of another, he has not been guilty of doing that which might reasonably be expected to give the matter circulation.
Maine, 240 So.2d at 858. This court held that transmitting a copy of a letter to the plaintiff's attorney did not constitute publication so as to render the alleged libel actionable. Id.
Here, sending the letter to Feinberg did not constitute publication because Feinberg acted as appellant's attorney and received the correspondence on his behalf. Feinberg invited correspondence by facsimile when he wrote to appellees on stationery that included his fax number. Because Feinberg invited the fax, he had the affirmative duty to protect on the receiving end any client confidences contained therein. It would be unreasonable to place a duty on the *1066 sender to investigate the status of an attorney's designated fax machine in order to shield the sender from liability. The sender should be able to rely on the attorney to maintain the confidences of his clients. Therefore, we hold that an attorney who designates the method for sending communications concerning a client has the duty to protect the confidentiality of communications sent via that mode.
Accordingly, we affirm the trial court's order granting appellees' motion for summary judgment.
AFFIRMED.
STONE and SHAHOOD, JJ., concur.
NOTES
[1] Appellees Adam Katz and Kelev Enterprises, Inc. have not participated in this appeal because the final judgment granting the motion for summary judgment did not dispose of appellant's action against them.