[No. B197536. Second Dist., Div. One. Apr. 11, 2008.]

MARIE ROSA MARTINELLI, Plaintiff and Appellant, v.
INTERNATIONAL HOUSE USA et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts I., II. and III.A.

COUNSEL

Law Offices of Russell F. Behjatnia and Russell F. Behjatnia for Plaintiff and Appellant.

Wyman & Isaacs and David Boren for Defendants and Respondents.

OPINION

ROTHSCHILD, J.—Marie Rosa Martinelli brought this action against International House USA and its executive director for libel, slander, emotional distress and invasion of privacy, alleging she was defamed by defendants' accusations that she had asked defendants to ignore federal immigration law and not report Martinelli's niece to the United States Immigration and Customs Enforcement agency (ICE)[1] for violation of her student visa. Martinelli also alleged that defendants' employees made slanderous statements about her to her niece.

The trial court sustained defendants' demurrers to the causes of action for infliction of emotional distress and invasion of privacy without leave to amend and granted defendants' motion for summary adjudication as to the libel and slander causes of action.

Martinelli filed a timely appeal from the final judgment. We affirm.

### FACTS AND PROCEEDINGS BELOW

The following facts are undisputed.

Marie Martinelli is a lawyer licensed to practice in California. Her family also operates an insurance agency. Martinelli's niece, Luisa Fossati, is an Italian national who came to the United States in March 2005 on a student visa. Martinelli enrolled Fossati in an English language program at International House. Fossati lived with Martinelli while she attended classes. Fossati's student visa prohibited her from working in the United States except under limited circumstances.

---

[1] ICE is the successor to the Immigration and Naturalization Service (INS).

In July 2005, International House sent a report to ICE stating that it had terminated Fossati as a student because she accepted employment in violation of the terms of her visa. The report further stated: "[Fossati] is represented by her aunt, Marie Rosa Martinelli, who is an attorney. International House is reporting this attorney to the California State Bar for asking International House to ignore INS regulations." A few days later International House faxed a copy of the ICE report to Martinelli's insurance office addressed to Martinelli's daughter, Monique Palmieri, who worked for Martinelli in her office. Palmieri read the report.

In October 2005, Martinelli wrote to International House regarding Fossati's immigration status and her status at the school. International House responded in a letter it addressed to Martinelli and faxed to the telephone number on Martinelli's law office letterhead. The letter accused Martinelli of asking International House "not to report [Fossati] to INS, knowing that she was breaking INS regulations." Palmieri picked up this letter from the office fax machine and read it.

Fossati testified at her deposition that while she was enrolled at International House employees there said "my aunt[] wasn't taking care of me, she didn't give a damn about me."

Martinelli brought this action against International House and its executive director alleging causes of action for libel, slander, infliction of emotional distress and invasion of privacy.

The trial court sustained defendants' demurrers to the causes of action for infliction of emotional distress and invasion of privacy without leave to amend based on the "single publication rule" (Civ. Code, § 3425.3) and granted defendants' motion for summary adjudication on Martinelli's defamation claims.

## DISCUSSION

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 1332.

III.  *SUMMARY ADJUDICATIONS OF THE CAUSES OF ACTION FOR LIBEL.*

Martinelli alleges defendant published three libelous statements about her, thus giving rise to three causes of action. The first libel occurred in the report International House sent to ICE in July 2005 advising the agency that it had terminated Fossati from its language training program because she had violated the terms of her student visa by taking a job. In that report defendant stated it was reporting Martinelli to the California State Bar "for asking International House to ignore INS regulations." The second libel also occurred in July 2005 when International House faxed a copy of the ICE report to Martinelli's insurance agency addressed to Martinelli's daughter who worked in the office. The third libel occurred in October 2005 when International House faxed a letter to Martinelli at the number on Martinelli's law office letterhead. The letter accused Martinelli of asking International House "not to report [Fossati] to INS, knowing that she was breaking INS regulations."

For purposes of its summary adjudication motion, International House does not deny it defamed Martinelli by stating that Martinelli asked International House to ignore her niece's violation of INS student visa regulations. International House maintains, however, that its statement to ICE was absolutely privileged under the official proceeding privilege (Civ. Code, § 47, subd. (b)) and that faxing the ICE statement and the October 2005 letter to Martinelli to her general office fax machines did not constitute publication of the defamatory statements.

We conclude that faxing the ICE report and the October letter to Martinelli's general office fax machines did not constitute publication to a third party. We discuss International House's contention regarding the official proceeding privilege in an unpublished section of this opinion.

A.  *The Official Proceedings Privilege.*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[*]See footnote, *ante*, page 1332.

## B. *Publication of the defamatory statements.*

This appeal raises a question of first impression: Does sending a defamatory communication to a general fax machine in the plaintiff's office, where it is read by a third party, constitute a publication of the communication? We conclude that under the facts of this case the communications were not published.

### 1. *The October 2005 Fax.*

In order for a defendant to be liable for defamation "[t]he defamatory matter must be 'published,' i.e., communicated to some third person who understands its defamatory meaning and application to the plaintiff." (5 Witkin, Summary of Cal. Law (10th ed.) Torts, § 535, p. 786.)

In October 2005, Martinelli wrote a letter to International House on her law office letterhead. In that letter Martinelli complained about the way her niece, Fossati, had been treated at the school, objected to statements International House employees had made to Fossati about Martinelli and protested the statement about her in the ICE report, discussed above. Later that same month, International House responded to Martinelli in a letter again accusing her of asking International House "not to report [Fossati] to INS, knowing that she was breaking INS regulations." International House faxed this letter to Martinelli using the fax number on Martinelli's law office letterhead. Martinelli's daughter, Palmieri, retrieved this letter from the office fax machine and read it.

We have found only one case addressing a similar situation. In that case, counsel for parties who were in a business dispute with the plaintiff faxed a letter containing a defamatory statement about the plaintiff to Feinberg, the plaintiff's counsel, using the fax number on Feinberg's letterhead. Other attorneys in Feinberg's office who were not involved in representing the plaintiff read the letter. (*Gomberg v. Zwick, Friedman & Goldbaum* (Fla.Dist.Ct.App. 1997) 693 So.2d 1064, 1065.) The court held that sending the defamatory letter to Feinberg did not constitute publication for two reasons. First, "Feinberg invited correspondence by facsimile when he wrote to [defendants] on stationery that included his fax number." (*Ibid.*) Furthermore, "[b]ecause Feinberg invited the fax, he had the affirmative duty to protect on the receiving end any client confidences contained therein. It would be unreasonable to place a duty on the sender to investigate the status of an attorney's designated fax machine in order to shield the sender from liability." (*Id.* at pp. 1065–1066.)

We find the court's reasoning persuasive. By sending a letter to International House on letterhead bearing her general law office fax number, and disputing its allegation of her wrongdoing in that letter, Martinelli invited return correspondence from International House to that fax number. In inviting correspondence to that fax number Martinelli undertook the burden to protect her own confidentiality. It would be unreasonable to place a duty on International House to determine who had access to Martinelli's fax machine in order to shield itself from liability.

### 2. *The July 2005 Fax.*

The July 2005 fax which transmitted a copy of the ICE report presents a closer case because that fax was not sent to Martinelli at her law office but was sent to Martinelli's daughter, Palmieri, at the family's insurance agency. Nevertheless, under the facts in this case we conclude that the fax did not constitute a publication.

Martinelli's niece, Fossati, gave International House the insurance agency's fax number as a means of communicating with Martinelli on issues pertaining to her studies at International House and her immigration status. International House knew from previous contacts with Martinelli that she was deeply interested and involved in those issues. It sent the fax to Palmieri's attention because Fossati told International House employees that Palmieri "was responsible for the daily activities in Martinelli's office and worked closely with her mother" and because it knew Martinelli would not be in the office that day. Under these facts, International House could reasonably believe, based on Fossati's statements and Martinelli's previous involvement in Fossati's relations with International House, that Martinelli expected the insurance agency fax number to be used for communications regarding Fossati and that sending the fax to the attention of Martinelli's daughter, Palmieri, was equivalent to sending the fax to Martinelli.[3]

---

[3] Because we find the July 2005 fax was not published, we do not address the question whether the fax came within the common interest privilege.

## DISPOSITION

The judgment is affirmed. The parties shall bear their own costs on appeal.

Mallano, Acting P. J., and Jackson, J.,[*] concurred.

A petition for a rehearing was denied May 1, 2008, and appellant's petition for review by the Supreme Court was denied June 25, 2008, S163780. George, C. J., and Corrigan, J., did not participate therein.

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.