MASS v. MEIRE *et ux.*

1. **Evidence:** LIBEL: CRIMINAL PROCEEDINGS. In an action for libel the information and charges made by the defendant in a criminal proceeding against the plaintiff, are not admissible to establish the libel.

2. —— MALICIOUS PROSECUTION. In an action for malicious prosecution, the information and record in the criminal proceeding *are* admissible.

*Appeal from Bremer Circuit Court.*

THURSDAY, SEPTEMBER 18.

THE petition in this action is in two counts; the first, claiming to recover for a malicious prosecution, instituted by defendants upon a preliminary information before a justice of the peace, charging plaintiff with an assault with intent to commit a rape; the second count is for malicious libel and slander in making said information and in the institution of the prosecution thereunder. Upon a motion made by defendant, plaintiff was required to re-divide his second count or strike out one cause of action therein contained. In the language of the abstract "plaintiff elected to proceed upon the cause of action based upon the written statements in the second count, and by order of the court the other cause was stricken out."

The defendants answering admitted the institution of the preliminary examination upon their information, but denied all the other allegations of the petition.

A trial was had to a jury, and a verdict and judgment rendered for plaintiff. The other facts appear in the opinion.

*G. C. Wright*, and *Brown & Cole* for the appellants.

*M. E. Billings* for the appellee.

BECK, Ch. J.— I. The petition upon which the cause was tried claims to recover upon two counts, the first for malicious prose-

cution in causing plaintiff's arrest upon a warrant issued on an information charging him with an indictable offense, under which a preliminary examination was had before a magistrate; the second count, as it stood after the order to strike was made, claims to recover for libel in instituting the prosecution. No demurrer was interposed to the second count of the petition. At the trial the information, warrant and other records of the preliminary examination were offered in evidence. They were objected to by defendants on the ground that they constituted the proceedings of a court, and were in the nature of privileged communications, for which an action for libel cannot be maintained. The objection was overruled and the evidence admitted.

It may be conceded that charges made in a criminal prosecution, or in a civil proceeding will not support an action for libel, though such charges, made under other circumstances, would be actionable. The reason of the rule is that it would be a discouragement to suitors, and thus tend to defeat justice to subject them to prosecutions for matters alleged in their applications to the courts. 1 Hawk. P. C., ch. 73, § 8; 1 Russ. on Crimes, 224; 1 Stark. on Slander and Libel, 254; Townsend on Slander and Libel, p. 348, §§ 320-322; *Straus* v. *Meyer*, 48 Ill. 385. The rule is the same in cases where the public are not affected thereby, whether the proceeding for libel is by indictment or action. 1 Russ. on Crimes, 222.

While the second count of plaintiff's petition would not support the action, and the evidence could not be admitted under it, yet the same proof was competent under the first count which does set up a sufficient cause of action. The court did not therefore err in admitting the evidence, which was entirely competent and relevant to show the institution of the prosecution alleged to be malicious.

The first count is sufficient to support the verdict and judgment, and as there is nothing in the record in conflict therewith, it will be presumed they were rendered thereon.

II. It is urged that the verdict is not supported by the evidence in that the proof fails to establish malice of the

defendants. While the evidence upon this point may not leave our minds free of doubt as to its sufficiency, it certainly cannot be said that there is such an absence of proof to establish malice, that we are required to conclude that the verdict was the result of passion or prejudice rather than of the honest and intelligent exercise of the discretion of the jury. We cannot disturb it.

Affirmed.