GEORGE A. SPEENBURGH and Another, Plaintiffs, *v.* ABRAHAM H. SCHWARTZ and Others, Defendants.

Supreme Court, Delaware County, March 26, 1937.

*Speenburgh & Speenburgh*, for the plaintiffs.

*D. George Paston*, for the defendants.

HEATH, J. This is a motion in a libel action under rule 106 of the Rules of Civil Practice to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

The complaint alleges by appropriate language the following facts which upon this motion must be taken to be true, to wit: One Adolph Nossek brought a Supreme Court action against George A. Speenburgh and Gleason B. Speenburgh and A. H. Todd & Son, Inc. In that action the Speenburghs acted as their own attorneys and as attorneys for A. H. Todd & Son, Inc.; Abraham H. Schwartz was attorney of record for Nossek, with D. George Paston as counsel. On June 4, 1936, the defendants Speenburgh and A. H. Todd & Son, Inc., made a motion before Hon. ELY W. PERSONIUS, justice of the Supreme Court of Elmira, N. Y., for a nonsuit and dismissal of the complaint and to set aside a verdict rendered in said case and for a new trial. The present defendants Schwartz and Paston, as attorneys for the present defendant Nossek, filed a written brief designated " Plaintiff's Brief " before Mr. Justice PERSONIUS, in which was the following alleged libelous language: " The absence in defendants' brief of any argument or law on this point, justifies the conclusion that the defendants are satisfied that the corporate defendant is liable or confirms the suspected financial insolvency of the corporate defendant. Defendants' brief attempts solely to extricate the defendant attorneys, leaving the plaintiff ' holding the bag ' with an uncollectible judgment against the corporate defendant."

The present plaintiffs now allege that the above-quoted language, by innuendo, charged the Speenburghs with being disloyal to their client, A. H. Todd & Son, Inc., in that they argued against their own individual liability and were silent as to the liability of their corporate client.

The present motion to dismiss the complaint is based upon the contention that the above-quoted language is absolutely privileged since it was contained in a brief in a case wherein the parties herein were either litigants or attorneys for litigants. It is the contention of the plaintiffs that this motion must be denied for the reason that privilege is a defense.

Ordinarily in a libel action privilege is a defense. (*Mase* v. *Reilly*, 206 App. Div. 434; *Stevenson* v. *Ward*, 48 id. 291.) However, if a complaint sets forth all of the matters that a defendant would need to plead as a defense, then unquestionably a motion will lie to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. (Rules Civ. Prac. rule 106; *Tierney* v. *Ruppert*, 150 App. Div. 863; *Nirenberg* v. *Ritter*, 246 id. 837.)

The law is well settled that statements made by an attorney in the course of a judicial proceeding are absolutely privileged as to his client and as to himself if the statements are pertinent and material. (*Andrews* v. *Gardiner*, 224 N. Y. 440.) Wide range is permitted on the question of what is pertinent and material. (*People ex rel. Bensky* v. *Warden of City Prison*, 258 N. Y. 55; *Youmans* v. *Smith*, 153 id. 214.)

The allegations of the complaint specifically confine and limit the utterance of the alleged libelous matter " upon the consideration and determination of a motion before the court," paragraph nineteenth. Surely, therefore, the language is absolutely privileged if it were pertinent and material to the motion. What does the language purport to say? It says that the brief submitted by the Speenburghs is silent on some point which justifies the conclusion that the Speenburghs were satisfied that the corporate defendant Todd & Son, Inc., is liable, or confirms the suspected financial insolvency of the corporate defendant; that the Speenburghs' " brief attempts solely to extricate the defendant attorneys, leaving the plaintiff holding the bag with an uncollectible judgment against the corporate defendant." Certainly this allegation of the complaint certifies that the language used pertained to the matters in litigation. The language complained of was unquestionably pertinent, and, if pertinent, it would seem to have been material.

The motion to dismiss upon the ground of privilege is granted for the reason that on the face of the complaint it clearly appears that the alleged libelous statement was submitted by the defendants in a brief in a judicial proceeding and that said language was pertinent and material to the proceeding.