**Gregg A. TALLMAN, Appellant,**

v.

**Dennis HANSSEN and, Wausau Insurance Company, Appellees.**

No. 87–182.

Supreme Court of Iowa.

Aug. 17, 1988.

Gregg A. Tallman, Des Moines, pro se.

James J. Logan of Hopkins & Huebner, P.C., Des Moines, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and ANDREASEN, JJ.

HARRIS, Justice.

The trial court dismissed this suit which arose from a dispute over a workers' compensation claim. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiff Tallman says he suffered a job-related injury and was entitled to workers' compensation benefits. Defendant Wausau Insurance Company, the employer's insurer, refused to pay medical bills which Tallman says resulted from the injury.

Tallman filed a claim with the industrial commissioner. In the disputed proceeding which followed defendant Dennis Hanssen, an attorney, represented Wausau. The

workers' compensation claim was eventually settled but became the background for Tallman's present suit. The pro se petition was in two counts.

In one Tallman alleges Hanssen maliciously libeled him and defamed his character and reputation in a brief submitted to the industrial commissioner. The other count is less easily defined. It charges Wausau with deliberately violating Tallman's rights under the Workers' Compensation Act by "refusing to pay necessary medical bills."

On defendants' motion both counts were dismissed, those against Hanssen on the basis of judicial immunity and those against Wausau on a finding that the trial court lacked subject matter jurisdiction. We granted further review of a court of appeals decision which affirmed the dismissal.

Our review of proceedings concerning subject matter jurisdiction is at law, not de novo. *Tigges v. City of Ames*, 356 N.W.2d 503, 512 (Iowa 1984). Thus our scope of review is for correction of errors at law. Iowa R.App.P. 4.

■ I. As we read the petition the assertions against Hanssen were limited to the libel claim. They were properly dismissed.

Because it is in the public interest, an attorney enjoys absolute immunity for libelous matters published as a part of a judicial proceeding. We have said "[a] matter that is reasonably pertinent to the issues is absolutely privileged whether contained in pleadings, affidavits, statements made by witnesses to counsel before a trial, or made in open court." *Robinson v. Home Fire & Marine Ins. Co.*, 242 Iowa 1120, 1126, 49 N.W.2d 521, 525 (1951). We derived the rule from the first Restatement of the Law of Torts section 586. *Id.* at 1127, 49 N.W.2d at 526.

In *Robinson* we mentioned the obvious public policy grounds for the rule, stating it is "based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients..." *Id.* In other

words, the ends to be gained by permitting such statements—zealous advocacy—outweigh the harm which may be done to the reputation of some persons in the course of judicial proceedings. It would discourage litigants if they were subject to suit for allegations made in the course of judicial proceedings. *Id.* The rule was applied in *Beeck v. Kapalis,* 302 N.W.2d 90, 97-98 (Iowa 1981).

For reasons which should be equally obvious the privilege is a limited one; the absolute immunity attaches only where the attorney is acting in a judicial proceeding. *Mills v. Denny,* 245 Iowa 584, 588, 63 N.W.2d 222, 225 (1954). The question thus becomes whether a workers' compensation proceeding is a "judicial proceeding" within the meaning of the rule. It is.

A "purpose of the immunity is to encourage the open resolution of disputes by removing the cloud of later suits from statements made in judicial proceedings." *Beeck,* 302 N.W.2d at 97. Iowa Code chapters 85 and 86 (1987), in conjunction with Iowa Code chapter 17A, the Iowa Administrative Procedure Act, provide a tribunal in which the rights of injured employees are recognized and protected. The proceeding is confrontational and judicial in nature.

Cases from other jurisdictions support this view. *Blecker v. Drury,* 149 F.2d 770, 771 (2nd Cir.1945); *Knox v. Dick,* 99 Nev. 514, 665 P.2d 267, 270 (1983); *Magnan v. Anaconda Indus. Inc.,* 37 Conn.Supp. 38, 429 A.2d 492 (Ct.1980). *See also* 50 Am. Jur.2d *Libel and Slander,* § 234 at 746 (1970); 53 C.J.S. *Libel and Slander,* § 71 at 129 (1987).

We conclude that a workers' compensation proceeding is a judicial proceeding. Thus any defamatory statements contained in the brief before the Iowa industrial commissioner were absolutely privileged. The trial court was correct in so holding.

II. The trial court determined it lacked subject matter jurisdiction to consider Tallman's other claims. It did not reach the viability or merits of these claims and neither do we.

Tallman alleged Wausau, by refusing to pay his medical bills or to provide a physician, "willfully and knowingly caused physical damage to [him], inflicting an extreme amount of pain and mental anguish upon [him]." This might be a claim that the insurer acted in bad faith in its dealings. We are handicapped because Tallman's pro se petition is inexpertly drawn. The district court held, and the court of appeals majority agreed, that the claim was merely one for nonpayment of medical bills, jurisdiction for which exists only before the industrial commissioner. A court of appeals dissenter interpreted the petition as alleging a bad faith claim.

■ Taking the pro se petition as a whole, we think a bad faith claim is attempted. Whatever the claim's legitimacy or merits, matters which the parties did not brief and which we do not consider, we cannot agree that the trial court lacked subject matter jurisdiction.

It is axiomatic that an employee's rights and remedies arising from an injury suffered in the course of employment are exclusively provided under Iowa Code chapter 85. *See* Iowa Code section 85.20 (1987). A district court would ordinarily have no subject matter jurisdiction over a claim that an employee is entitled to workers' compensation benefits. But this exclusivity principle is limited to matters surrounding a job-related injury and does not extend to subsequent dealings during which a tort may arise by reason of bad faith on the part of an employer's insurer. *See Fabricius v. Montgomery Elevator,* 254 Iowa 1319, 1329, 121 N.W.2d 361, 366 (1963) (action allowed against insurance company based on negligent inspection).

In *Matter of Certification of Question of Law,* 399 N.W.2d 320 (S.D.1987) the court said:

> The liability sought here to be imposed upon [the insurer] does not arise out of the injury suffered by Ms. Holland on October 6, 1977. It derives from the independent and allegedly intentional, tortious conduct of [the insurer] in refusing to pay benefits owing under the [Workers' Compensation] Act without an arguable basis therefor.

We hold, therefore, that the exclusivity provision of the Workers' Compensation Act does not bar an action by the employee against the insurance carrier for the commission of an intentional tort. The independent tort is not compensable under our Workers' Compensation Act. . . .

*Id.* at 323 (quoting *Southern Farm Bureau Cas. Ins. v. Holland,* 469 So.2d 55, 59 (Miss.1984)). *See also: Coleman v. American Universal Ins. Co.,* 86 Wis.2d 615, 273 N.W.2d 220 (Wis.1979).

In the present case the trial court's holding that it lacked subject matter jurisdiction was grounded on a determination that Tallman sought only ordinary workers' compensation benefits. Although it is certainly understandable that the petition might be misunderstood, we think a fair reading reveals a different target. We express no opinion on whether Tallman has alleged a valid tort claim. We hold only that the trial court had subject matter jurisdiction to consider it.

The case must be reversed and remanded for further proceedings in conformance with this opinion.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.