### IOWA POWER AND LIGHT COMPANY, Appellant,

v.

### IOWA STATE UTILITIES BOARD, Appellee,

**Office of Consumer Advocate, Intervenor.**

No. 88–1860.

Supreme Court of Iowa.

Nov. 22, 1989.

As Corrected Nov. 27, 1989.

Charles R. Montgomery of Iowa Power and Light Company, and David J. Lynch, of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellant.

Susan Allender, Gen. Counsel, and Vicki Place, Asst. Gen. Counsel, Des Moines, for appellee.

James R. Maret and Gary D. Stewart, Des Moines, for intervenor.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and NEUMAN, JJ.

CARTER, Justice.

This appeal concerns the validity of an administrative order by the Iowa Utilities Board (the board) requiring the petitioner, Iowa Power and Light Company (the utility), to produce financial records of its parent corporation and other subsidiary corporations of that parent. The district court upheld the agency order. In reviewing the arguments of the parties, we affirm its action in doing so subject to some modification as expressed in this opinion.

Sometime during late 1987 or early 1988, the board initiated an audit of the utility pursuant to Iowa Code section 476.31 (1987). On February 26, 1988, the board's staff delivered a "data request" to the utility including twelve separate requests for documents. The utility produced the documents responsive to nine of the twelve items and demonstrated to the satisfaction of the board that one of the three remaining requests was inapplicable. A dispute arose, however, as to the authority of the board to require production of the records identified in the remaining two requests. The utility stated in a written objection to the board that the information to which these requests related could not have any effect on the utility's rate structure and was therefore beyond the board's permitted scope of inquiry.

On April 8, 1988, the board issued an order directing compliance with its February 26 request. The utility then informed the board by letter from its counsel that it did not intend to comply with the board's order concerning the two disputed items. On April 19, 1988, the board filed a petition for enforcement of its order in the Iowa District Court for Polk County. The board simultaneously issued an order to the utility to show cause why civil penalties should not be assessed against it for a willful failure to comply with the order directing compliance.

At this point, the utility furnished all of the data requested, indicating that compliance on its part was under protest and was not a waiver of its right to seek a judicial determination of the legality of the board's request. Upon receiving the information, the board dismissed its petition in district court for enforcement of its order. It also

vacated the order to show cause before the agency.

The utility then filed the present petition for judicial review of agency action, asserting that the board had exceeded its power with respect to the information which had been requested. The utility requested an opportunity to present evidence in the district court to buttress its claims that the requested records of its affiliated corporations could have no bearing on its rate structure. That request was denied. The district court then proceeded to decide the case on written briefs and oral arguments and issued a ruling upholding the board's authority to compel production of the records of the affiliated corporations.

In challenging the action of the board and the district court's order upholding that action, the utility asserts that the only vehicle available to the board in obtaining the utility's business records is the issuance of a subpoena pursuant to Iowa Code section 476.2 (1987). Based on this premise, it urges that the efforts of the board to obtain the records without issuing a subpoena were invalid. In addition, the utility contends that the district court erred in not allowing it to present evidence pursuant to Iowa Code section 17A.19(7) (1987) in a review of agency action not involving a contested case hearing before the agency. We separately consider these contentions.

I. *Authority to Compel Production of Records Without Issuing a Subpoena.*

█ The utility argues that the board's only grant of investigatory power vis-a-vis business records is pursuant to Iowa Code section 476.2 dealing with the authority to issue subpoenas. Further, the utility contends that Iowa Code section 17A.13(1) (1987) effectively prohibits the board from seeking any other source of compulsory record production.

The board responds to this contention by stating that, if it cannot acquire information other than through its subpoena power, it may not expeditiously carry out field audits nor require the filing of reports by those utilities which it is charged with regulating. We accept the board's conclusions on this issue.

The legislative grant of the subpoena power found in section 476.2 and section 17A.13(1) does not suggest that the authority of the board to compel the production of records by those entities subject to the board's continuing regulating authority is limited to proceeding only by way of subpoenas. In regard to this issue, we note that Iowa Code section 476.2 (1987) provides, in part, that

> the board shall have authority to inquire into the management of the business of all public utilities, and shall keep itself informed as to the manner and method in which the same is conducted, and may obtain from any public utility all necessary information to enable the board to perform its duties.

II. *Failure to Permit the Utility to Offer Evidence in the District Court on Review of Agency Action Not Involving Contested Case Hearing.*

█ We next consider the utility's contention that the district court acted improperly in refusing its request to present evidence in a court proceeding to review agency action not involving a contested case hearing. This action by the court appears to have been premised on the belief that only an issue of law was presented involving the scope of the board's investigatory powers. The utility contends that this conclusion was incorrect because it was necessary to show the relationship between itself, its parent, and the other affiliated corporations, in order to properly resolve its contention that some of the records of affiliated corporations had no bearing on its rate structure.

We have said the statutory provision allowing evidence to be offered in the district court in a review of agency matters where no contested case hearing has been held, is for the purpose of "highlighting what actually occurred in the agency so as to facilitate the court's search for errors of law or unreasonable arbitrary or capricious action." *Sheet Metal Contractors of Iowa v. Commissioner of Ins.*, 427 N.W.2d 859, 867 n. 3 (Iowa 1988); *Krause v. State*, 426 N.W.2d 161, 165 n. 1 (Iowa 1988). We do

not believe, however, that this characterization of such evidentiary offers was intended to limit such presentations to that which would be involved in a "bill of exceptions" in a judicial appellate process. This discretionary right to offer additional evidence also extends to those situations where evidence outside the agency record tends to demonstrate that the agency exceeded its legal authority.

The parties disagree about the extent to which the utility sought agency consideration of those factual matters which it subsequently sought to show in the action for judicial review. Although the utility appears to have played its cards rather close to its chest in urging to the agency that the transactions of affiliate corporations could not affect its rate structure, we are unable to conclude that it waived its right to proffer evidence in the district court concerning the factual underpinnings of its legal theory.

The agency rules do not provide a clear procedure for resisting requests for information of the type involved in the present case. Moreover, the board has made it abundantly clear in the present case that it does not recognize a right to a hearing before the agency on such objections. From the outset of its objections to producing the requested information, the utility has made it clear to the board that it wished to obtain a judicial interpretation of the board's authority to compel production of these records. That strategy appears to have been adopted because the agency's ultimate position on this issue was already well known to the utility as a result of a related proceeding involving a subpoena issued at the request of the Office of Consumer Advocate.[1] In the related case, the utility was accorded a hearing on its motion to quash the subpoena. We think it should have been accorded no lesser right in challenging the board's omnibus order to produce the disputed records. To the extent that this right was denied by the agency, the district court on judicial review was required to determine the discovery dispute as an original matter.

■ The district court's order does not suggest that the utility waived its right to present evidence in the district court by not seeking to offer the same evidence before the agency. It was the theory of the district court that the agency's investigatory power gave it absolute authority to compel the production of financial records of all affiliated corporations. We cannot agree with that conclusion. In the analogous situation of an agency investigatory subpoena, this court has indicated that a four-part test should be applied for determining enforceability. Such a determination involves a review of

*a.* Whether the request is within the agency's statutory authority.

*b.* Whether the request is reasonably relevant to the matters under investigation.

*c.* Whether the request is reasonably specific.

*d.* Whether the request is unduly burdensome.

*Iowa City Human Rights Comm'n v. Roadway Express, Inc.,* 397 N.W.2d 508, 510 (Iowa 1986). The utility's objections to producing the requested information are primarily based on the second factor set forth above. Our review of the record convinces us that insufficient factual background appears to permit an adequate determination of the matter based on that criterion. Consequently, the utility's request to proffer some evidence on this issue should have been granted.

As a result of our disagreement with this feature of the district court's order, we modify that court's decision to conform with our own. We do not deem it desirable, however, to remand the case to the district court for the taking of evidence with respect to the utility's objections to producing the documents which were requested. This dispute is now moot due to the utility's production of all of the records

1. A petition for judicial review in that proceeding was consolidated with the present case at the district court level, and the issues in the two cases were decided in a single order. The issues in the related case are not involved in the present appeal.

which were sought by the board. We doubt that a ruling by the district court on remand can provide any more assistance in resolving future disputes than that which is provided by this court's opinion. We are hopeful that in the future similar disputes may be resolved before the agency under a procedure where the facts which bear on the relevancy of the requested documents are sufficiently established at the agency level.

The decision of the district court is affirmed as modified. The case is not remanded and is terminated on the filing of this opinion. The intervenor shall bear its own costs on appeal. The rest of the costs on appeal shall be assessed seventy-five percent to the appellant and twenty-five percent to the appellee.

AFFIRMED AS MODIFIED.