Mary KENNEDY, Appellant,

v.

Richard H. ZIMMERMANN, Appellee.

No. 98–180.

Supreme Court of Iowa.

Oct. 13, 1999.

Thomas P. Frerichs of Frerichs Law Office, P.C., Waterloo, for appellant.

Patrick M. Roby of Elderkin & Pirnie, P.L.C., Cedar Rapids, for appellee.

Considered by CARTER, P.J., and LAVORATO, SNELL, CADY, and SCHULTZ,* JJ.

CADY, Justice.

Mary Kennedy appeals from a district court order summarily dismissing her defamation suit. She contends the district court erred in granting summary judgment because the statements which served as a basis for the action were defamatory per se and outside the absolute privilege associated with a judicial proceeding. We reverse and remand for further proceedings.

## I. Background Facts and Proceedings.

Mary Kennedy is an attorney practicing law in Waterloo. She represented Thomas Richmond in a child custody action. Richmond was an inmate at the Iowa State Penitentiary in Fort Madison at the time, and Kennedy was dating another inmate residing at the penitentiary. At some point, their attorney-client relationship deteriorated. Shortly after Richmond complained to Kennedy about her representation, he was assaulted in the penitentiary by Kennedy's boyfriend.

Within a few days, Kennedy withdrew from representing Richmond. Richmond then filed a lawsuit against Kennedy alleging she violated her ethical obligations to Richmond by communicating matters with-

in the attorney-client privilege to her boyfriend. He further claimed Kennedy's conduct constituted negligence, and resulted in his physical injury. Richard Zimmermann represented Richmond in the lawsuit.

After the petition was filed with the district court, Zimmermann was contacted by a reporter for *The Courier*, a Waterloo newspaper. Zimmermann answered questions by the reporter concerning the lawsuit. Following the interview, an article appeared in *The Courier* which included the following:

> Richard Zimmermann, an Iowa City attorney who is representing Richmond, said Kennedy's alleged actions were a "breach of her ethical duties and negligent." ... Richmond is seeking damages to compensate him for physical injuries ... [t]he amount [of damages] would be determined by a jury, Zimmermann said.

Kennedy subsequently filed a defamation action against Zimmermann based on the statements made to the reporter during the course of the interview. Zimmermann responded by filing a motion for summary judgment, claiming he was insulated from liability by the absolute privilege granted to an attorney for statements in the course of a judicial proceeding. The district court granted Zimmermann's motion for summary judgment, and Kennedy appealed.

## II. Scope of Review.

Our review of a summary judgment ruling is for correction of errors of law. Iowa R.App. P. 4; *Iowa Tel. Ass'n v. City of Hawarden*, 589 N.W.2d 245, 250 (Iowa 1999). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 237(c). It "is properly granted if the only controversy concerns the legal consequences flowing from undisputed facts." *Krause v. Krause*, 589

* Senior judge assigned by order pursuant to    Iowa Code section 602.9206 (1999).

N.W.2d 721, 724 (Iowa 1999). When the facts are not in dispute, "[o]ur role is simply to decide whether we agree with the district court's application of the law to the undisputed facts before us." *Iowa Tel. Ass'n,* 589 N.W.2d at 250 (quoting *Goodell v. Humboldt County,* 575 N.W.2d 486, 491 (Iowa 1998)).

### III. Discussion.

Defamation is an invasion of the interest in a person's reputation and good name. *Taggart v. Drake Univ.,* 549 N.W.2d 796, 802 (Iowa 1996). It is composed of the twin torts of libel and slander. *Johnson v. Nickerson,* 542 N.W.2d 506, 510 (Iowa 1996). The basis of both torts involve the publication of an untrue statement which injures a person's reputation. Like many other torts, however, they are a product of the balancing of competing interests. In an action for defamation of character, our law recognizes a competing interest in some situations to speak or write without fear of liability for defamation, and has delineated certain circumstances where this interest prevails over the need to protect a person's reputation. Thus, communications made under these circumstances are considered absolutely privileged and cannot serve as a basis for a lawsuit for defamation. One such circumstance involves statements by attorneys made in connection with a judicial proceeding.

This privilege is best stated in the Restatement of Law (Second) of Torts section 586:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

Restatement (Second) of Torts § 586 (1977). The rule employs a two-part analysis. *See Asay v. Hallmark Cards, Inc.,* 594 F.2d 692, 697 (8th Cir.1979) (applying Iowa law). First, the communication must be examined in the context of the occasion to determine if it was made "preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of a judicial proceeding." Restatement (Second) of Torts § 586; *accord Asay,* 594 F.2d at 697 (establishing two-part analysis of Restatement). Second, the content of the communication must be evaluated to determine if it "has some relation to the proceeding." Restatement (Second) of Torts § 586; *accord Asay,* 594 F.2d at 697 (establishing two-part analysis of Restatement). We recognize this absolute privilege and have adopted the Restatement's definition. *See Robinson v. Home Fire & Marine Ins. Co.,* 242 Iowa 1120, 1127, 49 N.W.2d 521, 525 (1951).

The judicial proceedings privilege is based upon a public policy of giving attorneys, as officers of the court, the utmost freedom in their efforts to secure justice for their clients. Restatement (Second) of Torts § 586 cmt. a. The privilege is absolute, and protects attorneys from liability in an action for defamation regardless of their purpose in publishing the defamatory matter, their belief in its truth, or even their belief in its falsity. *Id.* "[T]he ends to be gained by permitting such statements–zealous advocacy–outweigh the harm which may be done to the reputation of some persons in the course of judicial proceedings." *Tallman v. Hanssen,* 427 N.W.2d 868, 870 (Iowa 1988).

Although the privilege is an absolute bar to liability, its scope is limited to communications made in connection with a judicial proceeding. Restatement (Second) of Torts § 586. Statements made during an occasion outside a judicial proceeding are not covered. The rationale for limiting the absolute privilege to judicial proceedings is derived from the same balancing of interests that supports the existence of the privilege. While the paramount reason for granting lawyers a privilege in judicial

proceedings is found in the need to protect zealous advocacy, we also recognize there are mechanisms within a judicial proceeding which serve to minimize any intrusion on the interest in a person's reputation which the privilege may create. Thus, while advocacy is preserved, the interest in a person's reputation is not forgotten. In *Mills v. Denny,* 245 Iowa 584, 63 N.W.2d 222 (1954), we said:

> Absolute immunity, it seems, should be confined to cases where there is supervision and control by other authorities, such as courts of justice, where proceedings are under the able and controlling influence of a learned judge, who may reprimand, fine and punish as well as expunge from records statements of those who exceed proper bounds, and who may themselves be disciplined when necessary.

*Mills,* 245 Iowa at 588, 63 N.W.2d at 225. When the occasion giving rise to a communication by a lawyer is not connected to a judicial proceeding, the need for unbridled advocacy is diminished, and the need to protect the intrusion upon a person's reputation is enhanced. Thus, communications by attorneys during occasions beyond a judicial proceeding are outside the protection of the absolute privilege.

■ The duties and actions of a lawyer in representing a client are not confined to judicial proceedings. Thus, depending on the occasion and the content of the communication, the privilege may or may not apply. The question we face in this case is whether statements made by an attorney to a newspaper reporter in the course of an interview conducted by the newspaper reporter, essentially restating the allegations of a petition filed with the court, are within the scope of the privilege.

■ We have defined a judicial proceeding as "one carried on in a court of justice or recognized by law, wherein the rights of parties which are recognized and protected by law are involved and may be determined." *Id.* at 590, 63 N.W.2d at 226. It includes quasi judicial proceedings

such as those before the industrial commissioner. *Tallman,* 427 N.W.2d at 870. The privilege, however, is not confined to communications within an actual courtroom proceeding. Instead, it extends to "communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding." Restatement (Second) of Torts § 586. Thus, pleadings and affidavits filed with the court are protected by the privilege, as are briefs. Restatement (Second) of Torts § 586 cmt. a; *see Tallman,* 427 N.W.2d at 870; *Robinson,* 242 Iowa at 1127, 1129, 49 N.W.2d at 525, 527. Likewise, conferences and other communications preliminary to a judicial proceeding can be protected. Restatement (Second) of Torts § 586 cmt. a; *see also Robinson,* 242 Iowa at 1127, 49 N.W.2d at 525.

In determining whether an interview with a newspaper reporter is an occasion "preliminary to a proposed judicial proceeding, or an institution of, or during the course and as a part of, a judicial proceeding," we believe it is essential to consider the purpose of the absolute privilege and the balancing of the competing interests. If the scope of the privilege becomes too broad, it will unduly interfere with the interests in protecting a person's good reputation. Conversely, if it is too narrow, the need for unbridled advocacy will be unduly impaired.

■ We recognize a lawyer may occasionally be questioned by the news media about pending or potential litigation in the course of representing a client. Nevertheless, we believe the balancing of interests reveals this is not an occasion encountered by an attorney which requires the protection of the absolute privilege. The lack of an absolute privilege during an interview with a newspaper reporter will not typically inhibit attorneys from fully investigating their claims, or fully and completely presenting them to the court. *Asay,* 594 F.2d at 698. Furthermore, the occasion is with-

out close judicial control in most instances. *Id.* Additionally, the ethical constraints placed on lawyers concerning public statements about litigation are limited. *See* Iowa Code of Professional Responsibility for Lawyers DR 7–107(G). Thus, the public policy behind the absolute privilege to make defamatory statements is not promoted by extending it to include such an occasion. *Asay,* 594 F.2d at 697–98.[1]

Our decision to exclude interviews with news reporters not only conforms to the purpose and policy of the absolute privilege, but is in line with other jurisdictions who have considered the issue. *See Kennedy v. Cannon,* 229 Md. 92, 182 A.2d 54, 58 (1962) (the "absolute privilege will not attach to counsel's extrajudicial publications, related to the litigation, which are made outside the purview of the judicial proceeding" (citations omitted)); *Barto v. Felix,* 250 Pa.Super. 262, 378 A.2d 927, 930 (1977) ("judicial immunity does not protect the public defender in this case, for the remarks made by him at the press conference were not made at a judicial proceeding ... [these are not the] activities which judicial immunity was designed to protect"); *see also Soliz v. Williams,* 74 Cal. App.4th 577, 88 Cal.Rptr.2d 184 (1999) (judge who made defamatory comments during settlement conference was immune, but was liable for false statements to journalists which made plaintiff appear to be a liar as these comments were not made within recognized judicial functions); *Mills,* 245 Iowa at 593, 63 N.W.2d at 227 (absolute privilege not extended to mayor for defamatory comments made at city council meeting). Accordingly, we hold that comments to a newspaper reporter following the filing of a lawsuit are not part of the judicial proceeding protected by the absolute privilege.

Zimmermann further claims his comments fell within the privilege because he merely restated the allegations contained in the petition. We recognize statements contained in a petition to a lawsuit are absolutely privileged. *See Robinson,* 242 Iowa at 1129, 49 N.W.2d at 526. However, republication outside a judicial proceeding of protected communications previously made in a judicial proceeding is not privileged. *See Huegerich v. IBP, Inc.,* 547 N.W.2d 216, 222 (Iowa 1996) (republication "constitutes a claim which is separate and independent from any claims arising out of the original publication" (quoting *Kiner v. Reliance Ins. Co.,* 463 N.W.2d 9, 14 (Iowa 1990))); 50 Am.Jur.2d *Libel & Slander* § 300 (1995) (republication to nonparticipants in an action is generally not privileged). To fall within the privilege, not only must the content of the communication relate to a judicial proceeding, but the occasion must also be protected.

## IV. Conclusion.

We conclude the trial court erred as a matter of law by finding the statements made by Zimmermann were absolutely privileged. We therefore reverse the district court order granting summary judgment and remand the case for further proceedings.

**REVERSED AND REMANDED.**

---

1. In this case, we do not need to apply the second prong of the test because the occasion does not fall within the scope of a judicial proceeding under the first prong.